UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICIA GILBRIDE, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:21-cv-02905 |
| GLASS MOUNTAIN CAPITAL LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Alicia Gilbride ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, Glass Mountain Capital LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is in the Northern District of Illinois.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant resides in Virginia.

5. Defendant is a third-party debt collection agency headquartered at 1930 Thoreau Dr. N #100, Schaumburg, IL 60173. Defendant's primary business purpose is collecting or attempting to

collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone.

### FACTS SUPPORTING CAUSE OF ACTION

6. Prior to the conduct giving rise to this cause of action, Plaintiff incurred a credit card debt from Capital One for $322.27 ("subject debt").

7. Subsequently, Plaintiff could not keep up with payments on the account and defaulted on the subject debt.

8. Sometime thereafter, Defendant acquired the right to collect on the subject debt.

9. In or around February 2021, Defendant began placing phone calls to Plaintiff's cellular phone in an attempt to collect on the subject debt.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone (571) XXX-7785.

11. Plaintiff requested that Defendant cease calling her cellular phone.

12. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign, calling Plaintiff's cellular phone number.

13. Defendant has continued to call Plaintiff with the phone number (571) 390-9304 no less than 3 times per week.

14. Since Plaintiff asked Defendant to stop calling, Defendant has continued to place numerous harassing collection called to Plaintiff.

### DAMAGES

15. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

16. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

17. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

23. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

25. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

3

##### a. Violations of FDCPA § 1692c

26. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after Plaintiff demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

27. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of irritating and harassing her.

28. Defendant was notified by Plaintiff that its calls were unwelcomed and harmful. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff..

##### b. Violations of FDCPA § 1692d

29. Defendant violated § 1692d by engaging in abusive, harassing, and oppressive conduct by frequently calling Plaintiff's cellular phone seeking payment on the subject debt.

30. Defendant violated § 1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone from February 2021 through the present day.

31. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Virginia in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

32. Upon information and belief, Defendant has no system in place to document, archive, and cease collection of debts not owed.

**WHEREFORE**, Plaintiff Alicia Gilbride respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 28, 2021                                     Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com